UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE D. COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0895** |
| **BRUCE BENNET, JUDGE, ET AL** | **SECTION "S" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 18)** filed by the defendant, Judge Bruce Bennett, seeking dismissal of the plaintiff's claims against him. This motion, along with the entire matter, was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. On June 27, 2006, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny. The plaintiff, Claude D. Collins, and counsel for defendant Judge Bennett participated by telephone.[2] Upon review of the

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 20. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this order.

entire record, the Court has determined that the matter can be disposed of without an Evidentiary Hearing.

## I.     Factual Background

### A.     The Complaint

The plaintiff, Claude D. Collins ("Collins"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Judge Bruce Bennett, Judge Jeff Morrison, Major Randy Pinion, Lieutenant Bandy Pinion, and the Tri-parish Drug Court of the 21st Judicial District of Louisiana ("Drug Court") seeking monetary damages for false imprisonment and denial of the right to a 72 hour hearing.[3]

### B.     The *Spears* Hearing

Collins testified that he attended a Narcotics Anonymous meeting as a result of his prior drug conviction. He testified that he went to every class and made weekly visits to the Judge. He also submitted to urine tests. He further testified that he attended drug class every day for two hours. Collins claimed that he complied with the requirements and graduated to Phase II after two months in the program.

Collins stated that, during Phase II, he was only required to see the Judge twice a month, even though he attended classes daily. He would also take a urine test twice a week. Collins testified that, on one occasion, Judge Morrison was not present. Instead, Judge Bennett was present. Collins claims that Judge Bennett had a "problem" with him and threatened to send him to jail for "getting smart." Collins stated that Judge Bennett had him sent to jail for contempt. He testified that he remained incarcerated for six months after that court appearance.

---

[3]Rec. Doc. No. 1, Complaint, p.3.

Collins also stated that he was not allowed visitors and became lost in the system. He testified that he was eventually given a bond of $250,000 without seeing a judge. He also testified that, each time his parents called the court, they were told that he was not in prison.

Collins further testified that he filed suit against Randy and Bandy Pinion because he told them that he did not belong in jail. He further testified that he was originally placed on lock down for 23 hours per day for five days. After the fifth day he was placed in a regular dorm.

At the hearing, the undersigned ordered counsel for Judge Bennett to forward Collins's court records for the undersigned to review.[4]

### C.  The Drug Court Records

According to the drug court records, Collins failed to comply with the requirements imposed by the drug court and the bail obligation. Judge Morrison found that Collins forged the attendance sheets for drug counseling meetings and also found that he had committed other violations. The additional records show that on April 5, 2005, the counselor identified as "Roger" caught Collins forging the meeting sheets while in the parking lot. Roger, therefore, recommended that Collins be discharged from drug court program.

The records further show that, on April 21, 2005, Judge Morrison rescinded Collins's bond and remanded him into the custody of the Tangipahoa Parish Jail until he could be brought to court on the original charges. Thereafter, Collins was presented in open court on August 17, 2005, and his bond was lowered to $52,000. The records provided do not indicate whether Collins proceeded to trial on the original charges.

---

[4]The court records were separately filed into the record.

In response to Collins's complaint, Judge Bennett filed a Motion to Dismiss seeking dismissal of Collins claims against him in his official capacity for lack of jurisdiction under the doctrine of Eleventh Amendment immunity and because he is not a "person" for purposes of suit under § 1983.  He further argues that, in his individual capacity, he is entitled to absolute immunity and that the claims are otherwise barred by the Rooker/Feldman doctrine.  Collins has not filed a response or opposition to the Motion to Dismiss.

## II.     Standards of Review

### A.     Frivolous Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) requires the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.  Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B. Review of Motion to Dismiss

Under Rule 12(b)(1) and (6), the court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

**III.     Analysis**

    **A.     Judicial Immunity**

Collins has named two judicial officers as defendants in this action, Judges Bennett and Morrison, based on his wrongful detention as a result of certain court orders issued by them. Collins seeks monetary damages and relief from the Court orders. However, both of the Judges are immune from suit of this nature.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges in their individual capacity enjoy absolute judicial immunity for acts performed in judicial proceedings. *May v. Sudderth,* 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*, at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under § 1983 against state court judges acting in their judicial capacity. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Title 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA thus statutorily overruled *Pulliam*'s holding regarding the availability of injunctive relief against a state judge in his official capacity. *Guerin v. Higgins*, 2001 WL 363486 (2nd Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief, that is relief from the state court orders, therefore is not available to the plaintiff in this § 1983 action against Judges Bennett and Morrison. *See Tesmer v. Granholm*, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); *Nollet*, 83 F. Supp.2d at 210.

To the extent Collins intended to name the judicial officers in their official capacities, they would not be "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Instead, suit against the judges in their official capacities would be considered suit against the State of Louisiana. *See Will*, 491 U.S. at 71. In that regard, the Eleventh Amendment

forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Furthermore, injunctive relief from this federal court is not available against these state judges acting in their official capacities. *Guerin v. Higgins*, 2001 WL 363486 (2nd Cir. 2001) (unpublished); *Tesmer v. Granholm*, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp.2d 204, 210 (D. Mass. 2000).

Consequently, the doctrine of absolute judicial immunity and the Eleventh Amendment bar Collins's suit for relief and monetary damages against the Judges. For these reasons, Judge Bennett's Motion to Dismiss should be **GRANTED** and the claims against Judge Bennett and Judge Morrison dismissed as frivolous, for lack of jurisdiction and for failure to state a claim for which relief can be granted.

**B.** **The Tri-parish Drug Court of the 21st Judicial District**

Collins also named the Tri-parish Drug Court of the 21st Judicial District as a party to this lawsuit. To the extent he is attempting to assert a §1983 claim against this court, the drug court is not a proper party and the claims if any against it are frivolous because a state court is not a suable juridical entity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Harris v. Champion*, 51

F.3d 901, 905 (10th Cir. 1995); *Clark v. Clark*, 984 F.2d 272 (8th Cir. 1993); *Ward v. Morris*, 895 F. Supp.116, 117 (N.D. Miss. 1995); *Moity v. Louisiana State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La. 1976).  The claims against the court should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted.

### C.    **Application of *Heck v. Humphrey***

Collins has also filed suit against Randy and Bandy Pinion for allegedly unlawfully holding him in the Tangipahoa Parish Jail when Judge Morrison revoked his bond.  Collins therefore challenges the appropriateness of the revocation and his subsequent detention.

However, in *Heck v. Humphrey*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.  Before a plaintiff may proceed under § 1983, he must therefore show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995).

The same consideration was later considered in the context of a pretrial detainee in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995).  The *Mackey* court instructed that, in the case of a pretrial detainee, if it is premature to determine whether the § 1983 claims for damages are barred by *Heck*, the district court should stay the proceedings until the pending case has run its course and the Court can determine the relationship between the claim and the conviction.  *Mackey*, 47 F.3d at 746.

In the present case, Collin's claim  against Judge Morrison bears directly upon the validity of  the judges decision to remand him into the custody of the Tangipahoa Parish Jail.  Resolution

of his claims in his favor would clearly impact and implicate the validity of his confinement. Therefore, his civil rights claims Randy and Bandy Pinion are not cognizable at this time.

The claims asserted against Randy and Bandy Pinion should be dismissed with prejudice until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal under *Heck* is with prejudice).

### V.     Recommendation

It is therefore **RECOMMENDED** that Judge Bennett's **Motion to Dismiss (Rec. Doc. No. 18)** be **GRANTED**.

It is further **RECOMMENDED** that Collins's § 1983 claims against Judge Bennett and Judge Morrison be **DISMISSED WITH PREJUDICE** for lack of jurisdiction, for failure to state a claim for which relief can be granted, for seeking relief against immune defendants and otherwise as frivolous pursuant to Fed. R. Civ. P. 12(b) and Title 28 U.S.C. § 1915 and § 1915A.

It is further **RECOMMENDED** that Collins's claims against the Tri-parish Drug Court of the 21st Judicial District be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915 and § 1915A.

It is further **RECOMMENDED** that Collins's claims against Randy Pinion and Bandy Pinion be **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___13th___ day of March, 2007

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**